Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000769
24-SEP-2013
08:34 AM

NO. CAAP-12-0000769

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
WILLIAM K. PUULEI, Defendant-Appellant


APPEAL FROM THE CIRCUIT COURT OF THE FIFTH CIRCUIT
(CRIMINAL NO. 12-1-0165)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Defendant-Appellant William K. Puulei appeals from the
August 7, 2012 Judgment of Conviction and Probation Sentence
entered in the Circuit Court of the Fifth Circuit[1] (circuit
court). Puulei was found guilty of robbery in the second degree
pursuant to Hawaii Revised Statutes (HRS) § 708-841(1)(b) (Supp.
2012), terroristic threatening in the second degree pursuant to
HRS § 707-717 (1993), attempted extortion in the third degree
pursuant to HRS §§ 707-767 (1993) and 707-764(1)(a) (Supp. 2012),
and terroristic threatening in the first degree pursuant to HRS
§ 707-716(1)(e) (Supp. 2012). The circuit court found that the
counts on which guilty verdicts were rendered for terroristic
threatening in the second degree and attempted extortion in the
third degree merged with the guilty verdict on the count for
robbery in the second degree, and therefore as to these counts,

---

[1] The Honorable Randal G.B. Valenciano presided.

the circuit court only imposed sentence on the robbery in the second degree count. Puulei contends there was insufficient evidence to find him guilty of robbery in the second degree and attempted extortion in third degree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we resolve Puulei's points of error as follows:

The standard of review on appeal for sufficiency of the evidence is substantial evidence. The Hawai'i Supreme Court has

> long held that evidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or a jury. The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact. Indeed, even if it could be said in a bench trial that the conviction is against the weight of the evidence, as long as there is substantial evidence to support the requisite findings for conviction, the trial court will be affirmed.
>
> "Substantial evidence" as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion. And as trier of fact, the trial judge is free to make all reasonable and rational inferences under the facts in evidence, including circumstantial evidence.
>
> State v. Batson, 73 Haw. 236, 248-49, 831 P.2d 924, 931 (1992).

State v. Matavale, 115 Hawai'i 149, 157-58, 166 P.3d 322, 330-31 (2007) (brackets omitted).

(1) "A person commits the offense of robbery in the second degree if, in the course of committing theft . . . [t]he person threatens the imminent use of force against the person of anyone who is present with intent to compel acquiescence to the taking of or escaping with the property[.]" HRS § 708-841(1)(b). "An act shall be deemed 'in the course of committing a

2

theft . . .' if it occurs in an attempt to commit theft . . . in the commission of theft . . . or in the flight after the attempt or commission." HRS § 708-842 (Supp. 2012).

There was substantial evidence that when Puulei threatened imminent use of force against the vendor, he was attempting to commiat theft or in the course of committing theft. Puulei had two packages of fruit in his hand, that he had taken from the vendor, and his actions indicated he did not intend to pay for them. A witness testified that after the vendor told Puulei he had to pay, Puulei pulled down the heavy overhead doors of the lunch truck and he also told the vendor "[t]his is my place right here and I don't think I need to pay for nothing here." The vendor repeatedly directed Puulei to put the packages back. In response Puulei yelled at vendor repeatedly, "Do you want protection?" This was viewed as substantial evidence from which the circuit court concluded Puulei was in the course of committing theft when he threatened imminent use of force against the vendor (by getting close to her and yelling at her, "Do you want protection?"). State v. Tran, 105 Hawaiʻi 148, 95 P.3d 2 (App. 2002), *cert. granted*, 99 Hawaiʻi 212, 53 P.3d 820 (App. 2002), *cert. dismissed*, 105 Hawaiʻi 147, 95 P.3d 2 (App. 2002). Tran, supra, supports the State of Hawaiʻi's position that the implicit threat of imminent force was sufficient to support the robbery conviction, and that Puulei's demeanor and body language can support a finding that Puulei implicitly threatened imminent use of force against the vendor.

(2) A person commits attempted extortion in the third degree if he "[i]ntentionally engages in conduct which, under the circumstances as the person believes them to be, constitutes a substantial step in a course of conduct" (HRS § 705-500(1)(b) (1993)) intended to intentionally "obtain[] or exert[] control over[] the property . . . of another with intent to deprive another of property . . . by threatening by word or conduct

3

to . . . [c]ause bodily injury in the future to the person threatened or to any other person[.]" HRS 707-764(1)(a).

There was evidence that Puulei committed a substantial step toward exerting control over vendor's property with the intent to deprive her of her property. Puulei said to vendor, "Do you want protection?" before he picked up the packages of fruit off the vendor's table. Puulei continued to yell these words to vendor despite vendor's repeated directions to Puulei to put the packages of fruit back on the table. There was evidence that Puulei, by repeatedly yelling this statement at vendor coupled with his close proximity to her, his much bigger body size, and his refusal to give up possession of the fruit packages, intended to threaten to cause bodily injury to vendor if she did not acquiesce in Puulei taking and keeping the fruit packages without paying for them.

Therefore,

We affirm Puulei's convictions for robbery in the second degree and terroristic threatening in the first degree. Both parties agree that the circuit court's judgment does not accurately reflect its finding that the guilty verdicts for terroristic threatening in the second degree and attempted extortion in the third degree (Counts 3 and 4) merged with the guilty verdict on the count for robbery in the second degree (Count 2). The circuit court is directed to file an amended judgment which reflects its merger ruling.

DATED: Honolulu, Hawai'i, September 24, 2013.

On the briefs:

Phyllis J. Hironaka
Deputy Public Defender
for Defendant-Appellant.

Tracy Murakami
Deputy Prosecuting Attorney,
County of Kauai
for Plaintiff-Appellee.

Craig H. Nakamura
Chief Judge

Daniel R. Foley
Associate Judge

Associate Judge